**AERONAUTICAL RADIO, INC.,**
Plaintiff,

v.

**NATIONAL MEDIATION BOARD et al.,**
Defendants,
and
International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Intervenor-Defendant.

**Civ. A. No. 3010–65.**

United States District Court
District of Columbia.
May 27, 1966.

Raymond G. Larroca, Washington, D. C., for plaintiff.

David S. Barr, Washington, D. C., for intervenor-defendant.

HOLTZOFF, District Judge.

In an election conducted under the auspices of the National Mediation Board, the International Brotherhood of Teamsters was deemed by the Board as

467

having been elected to represent certain classes of employees of Aeronautical Radio, Inc., and this Union was certified accordingly. The employer brought this action against the National Mediation Board to set aside the certificate. Another Judge of this Court dismissed the complaint for lack of jurisdiction over the subject matter. In the meantime, however, the International Brotherhood of Teamsters intervened as an additional defendant and has filed a counterclaim against the employer to require the employer to bargain with the Union collectively, that is, to negotiate in accordance with the provisions of the Railway Labor Act, which is made applicable to the industry involved in this action. The matter is now before this Court on the intervening defendant's motion for summary judgment on its counterclaim.

■ It is well established that there is no judicial review of a certification of the National Mediation Board certifying what organization, if any, is to represent certain groups of employees. Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61. This conclusion, however, is not unlimited. The Supreme Court in the Switchmen's case expressly left open the question what a Court of equity may consider when its affirmative help is asked to enforce the certificate of the Mediation Board and require the employer to bargain collectively with the Union so certified. In an action for equitable relief traditionally the Court may always consider matters that appeal to the conscience of a Court of equity and may weigh equitable elements.

■ This Court will not go behind the certification of the National Mediation Board, but on its face the certificate discloses the following facts. The number of employees eligible to vote at the election was 400. Of these 179 did not vote. 147 voted in favor of the International Brotherhood of Teamsters. 74 voted in favor of Air Line Dispatchers Association, AFL–CIO.

The type of ballot used by the National Mediation Board makes no provision for a person who desires to vote that there be no union. This course is contrary to the practice of the National Labor Relations Board, which uses a type of ballot that contains a space for a voter to vote against having any union whatever. The validity of the type of ballot used by the National Mediation Board was sustained by the Supreme Court in Brotherhood of Railway and S. S. Clerks etc. v. Association for Ben. of Non-Contract Employees, 380 U.S. 650, 85 S.Ct. 1192, 14 L.Ed.2d 133. The Supreme Court, however, in holding that the type of ballot used by the National Mediation Board is legal attached the qualification that under ballots of that type, eligible voters who do not vote must be deemed to have voted against having any union whatever.

■ Therefore, we have a situation where 179 voters must be deemed to have voted against any union whatever, 147 to have voted in favor of the International Brotherhood of Teamsters, and 74 to have voted in favor of Air Line Dispatchers Association, AFL–CIO. There is no majority, but the plurality, by far the greatest plurality, must be counted as voting for no union whatever.

Under the circumstances, the Court reaches the conclusion that the strong arm of equity should not be exerted in order to compel the employer to bargain collectively with the union having a plurality of votes when by far the greater number of employees voted for no union at all. The Court may not set aside the certificate, but when its assistance is sought by way of a decree in equity, the Court has a right to decline its aid on the basis of equitable considerations.

In the light of this discussion the motion for summary judgment on the counterclaim is denied.